```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

| | | |
|---|---|---|
| **LOUIS J. RUFFINO &** | * | **CIVIL ACTION** |
| **CHRISTOPHER RUFFINO** | | |
| | | |
| **VERSUS** | * | **NO. 06-0124** |
| | | |
| **PARISH COUNCIL, PARISH OF** | * | **SECTION "B"** |
| **TANGIPAHOA, PARISH PRESIDENT** | | |
| **GORDON BURGES, AND COUNCILMAN** | | |
| **BUDDY RIDGEL** | | |

## ORDER & REASONS

Plaintiffs move the Court to remand the above captioned action to the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, on the basis that the court lacks original subject matter jurisdiction. (Rec. Doc. No. 3). For the following reasons, Plaintiffs motion is **GRANTED**

## BACKGROUND

Plaintiffs, Louis Ruffino and his son, Christopher Ruffino, ("the Ruffinos") own property in Hammond, Louisiana, within Tangipahoa Parish. (Rec. Doc. 1 at Ex. 1 ¶1). The Tangipahoa Parish Planning Commission ("Planning Commission") issued a permit on May 10, 2005 authorizing construction of a 68 unit trailer park. (Rec. Doc. 1 at Ex. 1 ¶2). On June 1, 2005, the trailer park drainage plan was authorized by the Tangipahoa Parish Council ("Parish Council"). (Rec. Doc. No. 1 at Ex. 1 ¶4). Following hurricanes Katrina and Rita, the United States government entered into a contract with Plaintiffs to place a

FEMA trailer park on their property and to make the necessary utility improvements.[1] (Rec. Doc. No. 1 at Ex 1 ¶10).

On December 29, 2005, the Ruffinos filed a Petition for Temporary Restraining Order, Preliminary and Permanent Injunction and Issuance of Writ of Quo Warranto ("<u>petition for TRO and preliminary injunction</u>") in the 21st Judicial District Court of Louisiana. They were seeking a TRO from state court to prevent the Parish Council "from taking any action to interfer[e] with, caus[e] delays of, and/or obstruct[] the contracted lease." (Rec. Doc. No. 1 at Ex. 1 ¶25). On December 29, 2005, Louisiana District Court Judge Wolfe issued a TRO without notice enjoining the Parish Council and individual council members "from conducting any hearings, proceedings and/or Councilmen's Privileges or otherwise discussing the [trailer park lot]." (Rec. Doc. No. 1 at Ex. 2). A preliminary injunction hearing was scheduled for February 6, 2006. (Rec. Doc. No. 1 at Ex. 3). On January 13, 2006, Defendants filed a Notice of Removal in the case on the basis of original subject matter jurisdiction under 28 U.S.C. § 1331. (Rec. Doc. No. 1). Plaintiffs contend no federal law is at issue. Rather, the claims are governed by Public Meetings Law (La. R.S.42:4.1-4.8).

---

[1]The contract provides that FEMA will provide the necessary infrastructure to accommodate the FEMA trailers, including fencing, ingress and egress, sewerage, and utilities. (Rec. Doc. No. 1 at Ex. 1 ¶11).

**LAW & ARGUMENT**

**A. Standard for Remand and the Court's Original Jurisdiction**

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). One category of cases over which district courts have original jurisdiction are "federal question" cases, those "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The issue here is whether any of Plaintiffs' cause of action arise under the Constitution or federal law.

Whether a claim "arises under" federal law must be determined by referring to the "well-pleaded complaint." Merrell Dow Pharm. Inc. v. Thompson ("Merrell Dow"), 478 U.S. 804, 808(1986) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983)); Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). Because a defendant may remove a case to federal court only if the claims could have been brought in federal court, "the question for removal jurisdiction must also be determined by reference to the well-pleaded complaint." Merrell Dow, 478 U.S. at 808 (citation omitted). Under the well-pleaded complaint rule, the federal question must appear on the face of the complaint. See Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir.1997).Therefore, a case may not

3

be removed to federal court on the basis of a federal defense that the defendant might possibly raise to defeat plaintiff's claim.[2] See Franchise Tax Bd., 463 U.S. at 9, 12; Aetna Health Inc. v. Davila, 542 U.S. 200 (2004).

Removal jurisdiction must be strictly construed because it "implicates important federalism concerns." Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997). The burden of establishing federal jurisdiction is on the party seeking removal. Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988). In addition, any doubts about removal must be construed against removal and in favor of remanding the case back to state court. See Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3d 689, 694 (5th Cir.1995).

**B. Discussion**

Federal jurisdiction has been found under section 1331 to arise when a plaintiff claims that defendant's conduct violated plaintiff's constitutional rights. See Church of Scientology Int'l v. Kolts, 846 F.Supp. 873 (C.D. Cal. 1994) (alleging Fifth

---

[2] Defendants explicitly concede this point in their opposition brief. "Although defendants have absolute defenses to this suit under the First Amendment, separation of powers doctrine, and the federal common law granting legislative immunity to local legislative bodies, defendants concede that these defenses cannot confer jurisdiction on this court because of the 'well-pleaded complaint rule.'" (Rec. Doc. No. 5 at 3) (internal citations omitted). The Court does not make any findings as to the validity of any federal defenses or First amendment claims.

Amendment violation of the right to due process); <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388, 395 (1971) (holding case of action exists against federal officers for direct constitutional torts claims). If, however, the state law creates the cause of action, the court must determine whether plaintiff's demand "necessarily depends on resolution of a substantial question of federal law." <u>Franchise Tax Bd. v. Const. Laborers Vacation Tr.</u>, 463 U.S. 1 (1983).

Plaintiffs argue the petition for TRO and injunctive relief alleged state law causes of action under Louisiana Public Meeting laws, La. R.S. 42:4.1-4.8. Defendants' argue Plaintiffs pled a constitutional claim by using the term "ex post facto" and alleging that the Parish Council was "usurping the power of the Federal Government." Under the well-pleaded complaint rule, the Court finds the Defendants' have not carried their burden to demonstrate federal jurisdiction.

Here, the Plaintiffs have merely mentioned the term of art, "ex post facto," in paragraph 14 of their petition for TRO or preliminary injunction. This is not sufficient for this Court to maintain jurisdiction over the Plaintiffs' state law claims. <u>See The Fair v. Kohler Die & Specialty Co.</u>, 228 U.S. 22, 25 (1913) (stating party who brings suit is entitled to decide what law he or she will rely on). In <u>Matthews v. Stewart</u>, 207 F.Supp. 2d 496 (M.D.La. 2001), the district court was faced with a similar

situation. The plaintiffs had mentioned the "United States Civil Rights Act" and "Amendment Fourteen of the United States Constitution" in a petition for damages filed in state court. <u>Id.</u> at 497. The plaintiff alleged that she was harmed and injured while at work when she was forced to submit to a strip search. Defendants filed a notice of removal on the basis of original federal question jurisdiction. The Court remanded the action and held "Plaintiff has not alleged any wrongs actionable under any federal civil rights law, but merely an action arising under state tort law. Nor has plaintiff alleged any facts supporting any other federal cause of action." <u>Id</u>. at 498.[3]  <u>See also</u> <u>Franchise Tax Bd.</u>, 463 U.S. at 10 ("[A] defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.").

Likewise, the Court holds that the Ruffinos' mere passing mention of "ex post facto" is not sufficient to satisfy the Defendants' burden. Plaintiffs' allegations are all local, governed by state law, and the state court can provide adequate relief if needed.  Moreover, the Plaintiffs' statement that

---

[3] In dicta, the court also stated, "[p]laintiff has merely made references to two federal laws, without any factual basis or explanation." The court is not bound by the stray labels placed on plaintiff's claims. The existence of federal question jurisdiction cannot be based on facts not alleged in the complaint." <u>Matthews</u>, 207 F.Supp. 2d at. 498.

Parish Commissioners may "usurp the power of the Federal Government" is equally insufficient to confer jurisdiction. See Hart v. Bayer Corp., 199 F.3d 239, 244 (5th Cir. 2000) (finding "the mere fact that a given federal law might 'apply' or even provide a federal defense to a state-law cause of action, is insufficient alone to establish federal question jurisdiction).

## CONCLUSION

Plaintiffs' claims are local in nature and governed by state law. Adequate relief is suitable in state court if needed. For the aforementioned reasons, **IT IS ORDERED** Plaintiffs motion to remand is **GRANTED**. Civil action number 06-0124 is hereby remanded to the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

New Orleans, Louisiana, this 3rd day of March, 2006.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE